UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual,<br><br>                                      Plaintiff,<br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., a California corporation; Kevin Yoo, an individual,<br><br>                                      Defendants. | Case No.: 19cv1519 GPC(AHG)<br><br>**ORDER DENYING DEFENDANT PONTIER'S MOTION TO DISMISS FOR FAILURE TO SERVE COMPLAINT AND SUMMONS**<br><br>**[Dkt. No. 6.]** |

      Before the Court is Defendant David Pontier's motion to dismiss the complaint for failure to serve the complaint and summons. (Dkt. No. 6.) Plaintiff Joseph Dang filed an opposition. (Dkt. No. 25.) No reply was filed. For the reasons stated below, the Court DENIES David Pontier's motion to dismiss.

/ / /

/ / /

1

## Background

On August 13, 2019, Plaintiff Joseph Dang d/b/a/ Law Office of Joseph Dang ("Plaintiff") filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335, against Defendants David Pontier ("Pontier"), TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn Nusbaum, D.C., Paul E. Kim, MD and Kevin Yoo, M.D. (Dkt. No. 1, Compl.) Plaintiff is in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement. (*Id.* ¶¶ 12, 13.) All Defendants have made conflicting demands upon Plaintiff for the funds. (*Id.* ¶¶ 15-20.) On August 22, 2019, an order for interpleader deposit was filed and $32,764.62 was deposited into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System. (Dkt. No. 4.)

On January 3, 2020, Defendant Pontier, proceeding pro se, filed a motion to dismiss for failure to serve the complaint and summons. (Dkt. No. 6.) Plaintiff filed an opposition. (Dkt. No. 25.)

## Discussion

Federal Rule of Civil Procedure ("Rule") 4(m), provides that if "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). With the 1993 amendments to the Rules, "courts have been accorded discretion to enlarge the [time] period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996). In deciding whether to extend time to serve under Rule 4(m), the court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff does not deny that Pontier was served 66 days late and filed an affidavit of service indicating that Pontier was served on January 11, 2020, (Dkt. No. 24), and admits there was no good cause. But Plaintiff claims that Pontier is not prejudiced because he had notice of the complaint around October 29, 2019, when Plaintiff mailed him a letter informing him that the interpleader case was filed and that the funds were deposited with the Court. (Dkt. No. 6 at 3[1].) In fact, Pontier filed a motion to dismiss before he was served indicating he had notice of the complaint. Finally, Plaintiff argues that even if the Court were to grant dismissal, the case would be refiled and served again.

Because Pontier was served with the complaint and summons, albeit 66 days late, had notice about the lawsuit in October 2019, and no prejudice or statute of limitations bar has been shown, the Court exercises its broad discretion and enlarges the time period beyond the 90-day period. Thus, the Court DENIES Pontier's motion to dismiss for failing to serve the complaint and summons.[2]

/ / /

/ / /

/ / /

---

[1] Page numbers are based on the CM/ECF pagination.

[2] The Court notes that attached to Pontier's motion to dismiss for failure to serve complaint and summons include "motions" entitled "Interpleader Claims Barred by Statute of Limitations", "Request for Return of Person Property $32,764.62", "Request for Sanctions"; "Request for Attorney Fees and Costs", "Interpleader Claims Non Existent", and "Summary of Facts" that the Court will not address because Pontier did not obtain a hearing date as required by the Southern District of California Local Rules. Moreover, the Court notes that Pontier has attempted to file numerous other motions that have been rejected on discrepancies for failing to obtain a hearing date from the court. (Dkt. Nos. 10-14, 16, 17, 26, 34, 35.) The Court DIRECTS Pontier to the Southern District of California Local Rules that can be found on the Court's website at https://www.casd.uscourts.gov/rules/local-rules.aspx. Unless otherwise ordered by the judge, "[a]ll hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned." Local Civ. R. 7.1(a), (b). The Court allowed the filing and briefing of the instant motion as it did not involve an issue concerning a factual dispute and there was a sufficient basis to grant dismissal as no proof of service had been filed with the Court. Moreover, due to the filing of the motion on January 3, 2020, Pontier was promptly served on January 11, 2020. **In order for the Court to consider any further motions by Pontier, he is directed to comply with the Local Civil Rules and to contact chambers to obtain a hearing date if he seeks to file a motion with the Court.**

**Conclusion**

Based on the above, the Court DENIES Pontier's motion to dismiss for failing to serve complaint and summons. The hearing date set on February 28, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated: February 28, 2020

Hon. Gonzalo P. Curiel
United States District Judge