UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual`,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self-funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., a California corporation; Kevin Yoo, an individual,<br><br>                                    Defendants. | Case No.: 19cv1519 GPC(AHG)<br><br>**ORDER GRANTING DEFENDANT PONTIER'S MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM; DENYING PONTIER'S MOTION FOR SANCTIONS; RESCHEDULING HEARING DATE ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR INTERPLEADER DISBURSEMENT**<br><br>[Dkt. Nos. 89, 91, 93, 95, 113.] |

Before the Court is Defendant David Pontier's motion for leave to file an amended counterclaim and three motions for joinder to add JP Morgan Chase Bank, Inc., (Dkt. No. 93), Farmers Insurance, Inc., (Dkt. No. 89), and GEICO Insurance, Inc., (Dkt. No. 95). In addition, before the Court is Pontier's motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 113.) No oppositions were filed on these motions. Based on the reasoning below, the Court GRANTS Pontier's motions for leave to file an

1

amended counterclaim to add JP Morgan Chase Bank, Inc., Farmers Insurance, Inc and GEICO Insurance, Inc. and DENIES Pontier's motion for sanctions. The Court also resets the hearing date on Pontier's amended motion for summary judgment, (Dkt. No. 74), Dang's motion for summary judgment, (Dkt. No. 118), and Dang's motion for interpleader disbursement, (Dkt. No. 110).

## Background

On August 13, 2019, Plaintiff Joseph Dang d/b/a/ Law Office of Joseph Dang ("Plaintiff") filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335, against Defendants David Pontier ("Pontier"), TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn Nusbaum, D.C. ("Nusbaum"), Paul E. Kim, M.D. Inc. ("Kim"), and Kevin Yoo, M.D ("Yoo"). (Dkt. No. 1, Compl.) Plaintiff was in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement. (*Id.* ¶¶ 12, 13.) All Defendants made conflicting demands upon Plaintiff for the funds. (*Id*. ¶¶ 15-20.) On August 22, 2019, an order for interpleader deposit was filed and $32,764.62 was deposited into the Court's Interest-Bearing Registry Account and invested in the Court Registry Investment System. (Dkt. No. 4.) On April 28, 2020, Defendants TEOCO Corporation Group Benefit Plan, TEOCO Corporation, and UMR Inc. were dismissed by way of a joint motion to dismiss. (Dkt. Nos. 60, 63.)

On January 15, 2020, Pontier filed a counterclaim alleging causes of action for conversion, fraud, breach of contract, and legal malpractice against Dang as well as claims of medical fraud and medical malpractice against Dang, Kim, Nussbaum, and Yoo. (Dkt. No. 9.) On February 7, 2002, Pontier filed a supplemental counterclaim alleging violations of the Federal Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act against Dang, Kim, Yoo, and Nusbaum. (Dkt. No. 28.) Dang filed an answer to the counterclaim and the supplemental counterclaim. (Dkt. Nos. 27, 36.) Kim, Yoo and Nusbaum did not respond.

On February 28, 2020, the Court denied Pontier's motion to dismiss the interpleader for failure to serve the complaint and summons. (Dkt. No. 39.) On March 10, 2020, Pontier filed his answer. (Dkt. No. 46.) Defendants Nusbaum, Kim and Yoo did not file answers. On June 25, 2020, entry of default was entered against Nusbaum, Kim and Yoo. (Dkt. No. 78.) On July 22, 2020, the Court granted Pontier's motion for default judgment as to Defendants Nusbaum, Kim and Yoo but denied Pontier's request for damages as premature. (Dkt. No. 98.)

On May 29, 2020, the Court denied Pontier's motion for leave to amend his counterclaim seeking to add JP Morgan Chase Bank, Inc. ("JP Morgan Chase"), Farmers Insurance, Inc. ("Farmers") and GEICO Insurance, Inc. ("GEICO") as defendants. (Dkt. No. 70.) Because Pontier failed to provide any factual support or allege any proposed causes of action against these proposed defendants, the Court concluded that leave to amend would be futile. (*Id.*)

On July 6, 2020, Pontier filed a motion for leave to file an amended counterclaim based upon new evidence as well as motions for joinder of J.P. Morgan Chase, GEICO and Farmers under Federal Rule of Civil Procedure ("Rule") 19(a). (Dkt. Nos. 89, 91, 93, 95.) The Court construes his motions as motions for reconsideration. No oppositions have been filed to these motions.

A. **Motions for Reconsideration**

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and

different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

Here, Pontier seeks reconsideration of the Court's prior order denying him leave to file an amended counterclaim. In his motion, Pontier seeks leave to file an amended counterclaim arguing that he recently obtained evidence, in response to his subpoena, from JP Morgan Chase Bank, Inc. and Farmers Insurance to support counterclaims for "conversion, fraud, breach of contract and professional negligence" against Dang. (Dkt. No. 91 at 2-3.[1]) However, the Court notes that the counterclaim already include claims of conversion, fraud breach of contract and professional negligence against Dang. (Dkt. No. 9.) Therefore, to the extent Pontier seeks to amend the counterclaim to add claims of conversion, fraud, breach of contract and professional negligence against Dang, the Court DENIES his request as moot.

Pontier's motion also appears to seek leave to add JP Morgan Chase as a party to the counterclaim to add a claim for conversion based on JP Morgan Chase's acceptance of settlement checks deposited by Dang that were not endorsed by Pontier, as co-payee. (Dkt. No. 91 at 3.) The Court notes that Pontier's motion for joinder alleges similar claims against JP Morgan Chase for conversion by allowing the deposit of two checks without the proper endorsement of Pontier, a co-payee. (Dkt. No. 93.) The Court notes that the exhibits attached to the motions do not support his "new evidence" claim because he merely submits the cover letter from JP Morgan Chase and not the document it provided. (*See* Dkt. No. 91 at 9-11; *see also* Dkt. Nos. 89, 93, 95.) However, the Court notes that the JP Morgan Chase deposit slips that Dang filled out to deposit the two checks are attached as Exhibit B and E of Pontier's amended motion for summary judgment. (Dkt. No. 74 at 20, 26.)

---

[1] Page numbers are based on the CM/ECF pagination.

In addition, the motions for joinder of GEICO and Farmers also allege claims that are based on the new evidence. He claims that because GEICO and Farmers' settlement checks were improperly deposited into Dang's bank account without Pontier's endorsement who was a co-payee on the check, GEICO and Farmers are still obligated for the original amount paid on the checks. (Dkt. Nos. 89, 95.)  Pontier attaches the checks from Farmers and GEICO showing that the checks were made out to "David Pontier and His Attorney Joseph Dang" and "Law Office Of Joseph Dang and David S. Pontier" and endorsed solely by Joseph Dang. (*See* Dkt. No. 93 at 15, 17; Dkt. No. 95 at 11, 13.)

Pontier brings his joinder motions under Rule 19 but provides no legal authority or explanation as to why Rule 19 applies. "Rule 19 provides for the mandatory joinder of parties 'needed for a just adjudication,' commonly referred to as 'necessary' parties." *Blumberg v. Gates*, 204 F.R.D. 453, 454 (C.D. Cal. 2001). There are three inquiries to be addressed under Rule 19. *EEOC v. Peabody W. Coal Co*., 400 F.3d 774, 779 (9th Cir. 2005). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *Id.* "If the absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Id.* "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met. *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996). Here, Pontier fails to provide any legal analysis as to whether JP Morgan Chase, GEICO and Farmers are necessary parties and therefore, the Court denies Pointier's motion for necessary joinder under Rule 19 and instead considers his motion under Rule 20's permissive joinder standard.

Once a counterclaim is brought against an opposing party, Rule 13(h) provides that "Rule 19 and 20 govern the addition of a person as a party to a counterclaim." Fed. R. Civ. Pro. 13(h). Rule 20, which governs permissive joinder, states that a party may be

5

19cv1519 GPC(AHG)

added as a defendant where "any right to relief is asserted against [the party] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  In considering Pontier's motion, the Court must consider the amendment under Rule 15(a) as well as Rule 20.  *See Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (stating Rule 15 and Rule 20 standards are implicated by a motion to amend pleadings to add a new party); *see also Hinson v. Norwest Fin. S. Carolina, Inc.,* 239 F.3d 611, 618 (4th Cir. 2001) (on motion to amend to join additional plaintiffs, court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).").

In the joinder motions, Pontier argues that the facts concerning claims against GEICO and Farmers are "intertwined with the Counter Claims for conversion, fraud, breach of contract, professional negligence."  (Dkt. No. 89 at 5; Dkt. No. 95 at 5.)  Based on this assertion, it appears the he is seeking joinder under Rule 20(a)(2) rather than Rule 19.  Because the allegations in the proposed amended counterclaims to add JP Morgan Chase, GEICO and Farmers arise out of the same transaction as the counterclaims alleged against Dang, Rule 20 has been satisfied.

As to Rule 15, leave to amend "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.  *Id.*; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied.  *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999).  The single most important factor is whether prejudice would

result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1053 (9th Cir. 1981).

Here, none of the *Foman* factors supports denial of leave to amend. There is no undue delay as Pontier recently received documents from JP Morgan Chase and Farmers. There is also no indication of bad faith, prejudice to any party, or futility of amendment.

Accordingly, under Rule 15(a) and Rule 20, the Court GRANTS Pontier's motions for reconsideration and GRANTS him leave to file an amended counterclaim to add JP Morgan Chase, GEICO and Farmers as defendants in the counterclaim.

Pontier's amended counterclaim must be complete in itself without reference to the original pleading. *See* S.D. Cal. Civ. Local R. 15.1. Counter-Defendants not named and any claim not re-alleged in the amended counterclaim will be considered waived. *See id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Pontier shall filed an amended counterclaim on or before **October 23, 2020**.

**B.    Pontier's Motion for Sanctions, (Dkt. No. 113)**

Pontier filed a motion for sanctions under Rule 11 against Dang for filing successive interpleader actions under false pretenses. He claims that Dang filed the first interpleader in Case No. 18cv1869-LAB(BGS) in order to avoid discipline by the State Bar of California for conversion of Pontier's $100,000, and Dang filed the second interpleader, the instant case, by including claims by providers that are all time barred. (Dkt. No. 113.) No opposition has been filed.

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). The purpose of Rule 11 is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990).

As a threshold matter, in order to seek sanctions under Rule 11, the party must comply with Rule 11's safe harbor provision which requires service of the motion 21 days prior to filing. *See* Fed. R. Civ. P. 11(c)(2). This allows a party to retract the allegedly offending allegations before the motion is filed with the Court. *Radcliffe v. Rainbow Const. Co*., 254 F.3d 772, 789 (9th Cir. 2001). The procedural requirement of the safe harbor period is mandatory, and an "absolute prerequisite" to a motion for sanctions brought by any party. *Truesdell v. S. Cal. Permanente Med. Grp*., 209 F.R.D. 169, 174 (C.D. Cal. 2002); *Radcliffe*, 254 F.3d at 789 (informal warnings not sufficient to satisfy safe harbor requirement).

Here, Pontier has not shown he has complied with the safe harbor requirement. Therefore, the Court DENIES Pontier's motion for sanctions under Rule 11.

**C.    Pontier's Amended Motion for Summary Judgment (Dkt. No. 74)**

Also pending before the Court is Pontier's fully briefed amended motion for summary judgment on the counterclaims. (Dkt. Nos. 74, 82, 101.) On September 17, 2020, the Magistrate Judge granted in part and denied in part Pontier's motion for service, discovery and extension of time to file an opposition to Dang's motion for summary judgment on the counterclaims, (Dkt. No. 118). (Dkt. No. 123.) Pontier sought a thirty-day extension of time to file his opposition to Dang's motion for summary judgment filed on August 21, 2020, (Dkt. No. 118), and motion for interpleader disbursement filed on August 4, 2020, (Dkt. No. 110) because, *inter alia*, he had not received responses to his propounded discovery requests. (Dkt. No. 123 at 2.) In that order, the Magistrate Judge vacated the hearing on the summary judgment filed by Dang and motion for interpleader discharge filed by Dang set on October 16, 2020. (*Id*. at 3.)

While Pontier's amended motion for summary judgment is fully briefed, the Court notes that many of the same arguments in Dang's opposition to Pontier's motion are also included in its motion for summary judgment. Therefore, because the hearing date on Dang's motion for summary judgment has been vacated and in the interest of efficiency, the Court also continues the hearing date on Pontier's amended motion for summary

8

19cv1519 GPC(AHG)

judgment.  Accordingly, the Court reschedules Dang's motion for summary judgment, (Dkt. No. 118), Pontier's amended motion for summary judgment, (Dkt. No. 74), and the motion for interpleader disbursement, (Dkt. No. 110), to **December 18, 2020 at 1:30 p.m.** in Courtroom 2D.  However, the Court notes that in the event Pontier files an Amended Counterclaim, the motions for summary judgment on the counterclaim will necessarily have to be denied as moot.  The hearing date set on October 16, 2020 shall be **vacated.**

　　　　IT IS SO ORDERED.

Dated:  October 8, 2020

　　　　　　　　　　　　　　　　　　Hon. Gonzalo P. Curiel
　　　　　　　　　　　　　　　　　　United States District Judge