ANDREW A. SERVAIS, State Bar No. 239891
*aservais@wingertlaw.com*
AMY L. SIMONSON, State Bar No. 241781
*asimonson@wingertlaw.com*
MARK M. IMADA, State Bar No. 322113
*mimada@wingertlaw.com*
WINGERT GREBING BRUBAKER & JUSKIE LLP
One America Plaza, Suite 1200
600 West Broadway
San Diego, CA 92101
(619) 232-8151; Fax (619) 232-4665

Attorneys for Plaintiff and Counter Defendant, JOSEPH DANG

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| JOSEPH DANG, an individual doing business as LAW OFFICE OF JOSEPH DANG,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PONTIER, an individual; TEOCO CORPORATION GROUP BENEFIT PLAN, a self funded group health plan; TEOCO CORPORATION, A Delaware Corporation; UMR INC., A Delaware Corporation; GLENN C. NUSBAUM, an individual; PAUL E. KIM, MD INC., A California Corporation; KEVIN YOO, an individual,<br><br>Defendants.<br>_____<br>DAVID PONTIER, an individual,<br><br>Counter Claimant,<br>vs.<br>JOSEPH DANG, an individual, | Case No.: 3:19-cv-01519-GPC-AHG<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO ENJOIN FURTHER PROSECUTION OF OUT-OF-DISTRICT LAWSUITS**<br><br>Date: 12/18/2020<br>Time: 1:30 p.m.<br>Ctrm: 2D<br>District Judge: Hon. Gonzalo P. Curiel<br>Magistrate Judge: Hon. Allison H. Goddard |

Counter Defendant.

## I. INTRODUCTION

This case has been pending for over a year, there are more than 100 entries on the docket, and plaintiff/counter-defendant Joseph Dang has pending motions for interpleader discharge (Dkt. No. 110) and for summary judgment (Dkt. No. 118).

But, on October 28, 2020, Dang received Defendant/counter-claimant David Pontier's Motion for Change of Venue to District of Nevada where he filed a parallel lawsuit involving virtually all of the same facts, arguments, and parties as this case back in August 2020. *Pontier v. GEICO et al.*, 2:20-cv-1446-RFB-BNW (D. Nev. Aug. 5, 2020). Pontier did not file the Motion to Join Parties on its October 23, 2020 due date, but instead served via U.S. Mail his Motion to Transfer and Motion to Withdraw Request to Join Parties. (Declaration of Andrew Servais, Exhibit 1.)

Under the "first-to-file" rule, Pontier must pursue his claims here, not in the second-filed action. Any other result would force Dang and the other parties to engage in duplicative litigation, force two separate courts to spend time attending to the same core disputes, and pose the risk of producing conflicting rulings.

Pontier's only basis is that due to COVID-19 Pandemic-which has been known to the Country at large since at least March 2020-Pointer's "air travel, hotel stay, renting a car would be high risk for Counter Claimant Pontier." (Ex. 1 at p. 2: 10-11.) This Court's own "EMERGENCY INDIVIDUAL RULES AND PRACTICES IN LIGHT OF COVID-19" provide Pontier instruction for remote appearance.

Unfortunately, it appears that Pontier is actually now seeking to transfer venue because he is concerned the "statute of limitations deadline may have expired [on] August 12, 2020 to add J.P. Morgan Chase Bank, G.E.I.C.O. Insurance and Farmers Insurance" to his Counter-Claims. (Servais Decl., Ex. 2 at p. 4:5-9.)

Therefore, Dang respectfully requests this Court enjoin Pontier from proceeding with his Nevada lawsuit.

///

## II. **BACKGROUND**

Dang is a San Diego attorney that represented Pontier in a car accident personal injury action, and recovered the at-fault driver's $50,000 Farmers policy limit and the $50,000 underinsured motorist coverage limit under Pontier's GEICO policy. Dkt. No. 9 at 1-3. This interpleader action arose because Pontier and his health plans and medical providers—TEOCO, UMR, Glenn Nusbaum, Paul Kim, and Kevin Yoo—made conflicting demands on the recovery. Dkt. No. 1, ¶¶ 12-22.

In January 2000, Pontier responded to the interpleader by filing a counterclaim and asserting causes of action for conversion, fraud, breach of contract, legal malpractice, medical fraud, and medical malpractice against Dang and others in this suit. Dkt. No. 9. A few weeks later, Pontier added another counterclaim alleging that Dang and others violated the Federal Fair Debt Collection Act because they were trying to collect a time-barred debt. Dkt. No. 28. Generally, contends that Dang did not recover enough in the personal injury action, and that he should have given Pontier the money that was subject to his medical providers' liens. Nusbaum, Kim, and Yoo never answered, and in July 2000, the Court granted Pontier's motion for default judgment as to those defendants. Dkt. No. 98.

Also in July, Pontier moved to add causes of action against JP Morgan Chase, GEICO, and Farmers. Dkt. Nos. 89, 93, 95. He contends that JP Morgan acted wrongfully because it accepted settlement checks deposited by Dang that Pontier had not endorsed. Dkt. No. 93. He relatedly contends that because GEICO and Farmers' settlement checks were deposited into Dang's bank account without Pontier's endorsement, GEICO and Farmers are still obligated for the original amount paid on the checks. Dkt. Nos. 89, 95. Pontier asserted that the alleged acts of GEICO and Farmers "are intertwined" with the counterclaims he had on file, and therefore "requir[ed]" adding these new parties as counter-defendants. Dkt. No. 89 at 5; Dkt. No. 95 at 5. Based on these representations, the Court granted Pontier's motion to file an amended counterclaim to add JP Morgan, GEICO, and Farmers, and directed

1  Pontier to make the filing by October 23, 2020.  Dkt. No. 126.

2  Since Dang began this action, the parties have engaged in significant discovery
3  and motion practice.  *See, e.g.,* Dkt. Nos. 6, 47, 49, 74, 83, 113.  Dang hired California
4  attorneys to represent him, and currently has a pending motion for interpleader
5  discharge (Dkt. No. 110) and a pending motion for summary judgment (Dkt. No. 118).
6  Both motions are set for hearing on December 18, 2020.  Dkt. No. 129.  As a result,
7  Dang has devoted significant resources to litigating this action in the Southern District
8  of California as evidence by the 129 docket entries before the three most recent filings
9  are entered.

10  In August 2020, Pontier sued Dang, Nusbaum, Kim, and Yoo based on exactly
11  the same dispute he raised in this case—i.e., that Pontier allegedly should have received
12  more from his personal injury case, and that his recovery should not have been subject
13  to the medical liens.  *Id.*, Dkt. No. 1 at 11-15.  Pontier also sued JP Morgan, GEICO,
14  and Farmers for the same things he asserted were "intertwined" with his counterclaim
15  allegations in this case—i.e., that they allegedly acted wrongfully by accepting
16  settlement checks deposited by Dang.  *Id.* at 12-19.

17  Pontier's Nevada action includes three defendants that are not parties here: (1)
18  Phia Group, LLC, which he identifies as associated with TEOCO, *Id.* at 20, an entity
19  that is a party in this case; (2) the State Bar of California; and (3) the State of
20  California.  All claims and allegations relate to the same arguments Pontier has raised
21  here, and arise out of the same personal injury action and lawyer dispute that the parties
22  have litigated for over a year in this case.  Pontier has not served Dang in the Nevada
23  action.  Indeed, while Pontier filed the Nevada suit three months ago, there have been
24  no docket entries after the date of the complaint's filing.

25  **III.   PONTIER SHOULD BE ENJOINED FROM**

26  "When two suits are initiated with substantially similar claims, the general rule is
27  that the first case to be filed has priority."  *Kiland v. Bos. Sci. Corp.*, 2011 WL
28  1261130, at *6 (N.D. Cal. Apr. 1, 2011); *Wright v. RBC Capital Markets Corp.*, 2010

WINGERT GREBING BRUBAKER & JUSKIE LLP

WL 2599010, at *5 (E.D. Cal. June 24, 2010) ("Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should proceed with the litigation.").

When Motion requesting injunctive relief turns on "the first-to-file doctrine", "[a]pplication of the first-filed doctrine results in a different analysis from that application that undergirding temporary or preliminary injunctive relief." *Beauperthuy v. 24 Hour Fitness USA, Inc.,* No. 06-0715-SC, 2012 WL 3757486, at *9 (N.D. Cal. July 5, 2012) ("Though Plaintiffs styled their Motions as seeking a TRO and a Preliminary Injunction, in fact their Motions turn on the first-to file doctrine.")

Under the "first-to-file" rule, "[w]hen a district court has jurisdiction over all parties involved, it may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843–844 (9th Cir. 1986) (finding that the "trial court exercised sound judicial discretion in enjoining the later filed Illinois action"). *See also Kiland v. Bos. Sci. Corp.*, 2011 WL 1261130, at *6 (N.D. Cal. Apr. 1, 2011) ("[T]he Court finds that the first-to-file rule applies in this case, and, therefore, Plaintiffs' Motion for a Preliminary Injunction enjoining BSC from prosecuting the Minnesota Action is GRANTED.").

This "first-to-file" rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) *overruled on other grounds by Animal Legal Def. Fund v. United States Food & Drug Admin.*, 2016 WL 4578362 (9th Cir. Sept. 2, 2016).  "[N]o purpose would be served by proceeding with a second action." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982).  "Under the first-to-file rule, unless it is clear the first court is incapable of determining the issues in the action, there is no reason the first court should not have leave to decide the issues before it." *AGCS Marine Ins. Co. v. Krieger Am. Transp. Co., LLC*, 2012 WL 3238278, at *3 (C.D. Cal. Aug. 6, 2012).

This doctrine will apply based on the following factors: "(1) the chronology of

the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Z–Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

### A. This action was filed first

Dang filed this action first in time: Dang filed the interpleader in August 2019, Pointer filed his counter-claims in this Court in January 2020 and then filed the Nevada action in August 2020. Dkt. Nos. 1, 9; *Pontier v. GEICO et al.*, 2:20-cv-1446-RFB-BNW, Dkt. No. 1.

### B. The parties here are substantially similar to the Nevada action

The similarity of parties requirement for the first-to-file rule is also met. "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'" *Alioto v. Hoiles*, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). Pontier, Dang, Nusbaum, Kim, and Yoo are or were parties in both cases, Phia is an apparent affiliate of TEOCO, a party to this case, and the Court granted Pontier leave to bring JP Morgan, GEICO, and Farmers into this case.

It is unclear how Pontier can sue either the State of California or the California Bar—i.e., the two entities that have not come up in this case. *Campbell v. Obama*, 2016 WL 1072100, at *6 (N.D. Cal. Mar. 18, 2016) (dismissing case against California State Bar on Eleventh Amendment immunity grounds).

But even if he could, adding these two parties does not change the analysis because exact identity of parties also is not required. Instead, the rule is satisfied if some of the parties in one matter are also in the other matter, even if there are additional unmatched parties in one or both matters. *See, e.g., Morningstar v. Dejun*, 2013 WL 2952577, at *1 (C.D. Cal. Mar. 12, 2013) ("Though Plaintiffs argue that there is one defendant in this case who is not named in the Nevada Action, the parties in the two actions need only be substantially similar for the first-to-file rule to apply."); *Walker v. Progressive Casualty Ins. Co.*, 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003) ("The parties in the two actions need not be identical for purposes of the first-

WINGERT GREBING BRUBAKER & JUSKIE LLP

to-file rule, but there must be similarity or substantial overlap."); *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The [first-to-file] rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters."). Thus, Pontier cannot escape the first-to-file rule because he also sued two new defendants in the Nevada action.

### C. The issues here are substantially similar to those raised in the Nevada action

The similarity of issues requirement is met, too. As with the similarity of parties, the first-to-file rule does not require identical issues, "so long as the actions are substantially similar or involve substantial overlap." *Priddy v. Lane Bryant, Inc.*, 2008 WL 11410109, at *7 (C.D. Cal. Nov. 24, 2008); *see also Nat'l Union Fire Ins. Co. v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *13 (N.D. Cal. Aug. 9, 2012) (finding similarity where the "central question" in each suit was the same); *W. Pac. Signal, LLC v. Trafficware Grp., Inc.*, 2018 WL 3109809, at *4 (N.D. Cal. June 25, 2018) (rejecting argument that first-to-file rule should not apply because the issues in the second case were "far more expansive"). "Cases are sufficiently similar where key issues overlap and the resolution of one case could affect the resolution of the other." *Carrera v. First Am. Home Buyers Prot. Co.*, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012) (internal quotation marks omitted).

Pontier's causes of action—in both this Court and in Nevada—stem from his contention that Dang acted improperly in the settlement of his personal injury action. Thus, the propriety of Dang's acts in the personal injury case will be relevant to alleged liability and alleged damages in both cases. If both cases were to proceed in parallel, the same arguments, facts, witnesses, and evidence will be at issue, and there is a chance of inconsistent rulings on the issues. There is more than sufficient overlap to satisfy the third requirement as well.

### IV. PONTIER PRESENTS NO EXCEPTION TO THE FIRST-TO-FILE RULE

Pontier only claims that due to COVID-19 Pandemic "air travel, hotel stay,

1  renting a car would be high risk for Counter Claimant Pontier." (Ex. 1 at p. 2: 10-11.)
2  First, convenience "considerations such as these cannot trump the judicial efficiency
3  considerations which underlie the first-to-file rule." *Interactive Fitness Holdings, LLC,*
4  *v. Icon Health & Fitness, Inc.,* 2011 WL 1302633, at *3 (N.D. Cal. 2011).
5      Further, this "Court has the discretion to hold hearings in person or remotely,
6  including telephonically or by videoconference" and "[w]here an in-person hearing is
7  scheduled, a Party may request permission to appear remotely by filing a motion
8  demonstrating good cause. Parties may use the Southern District's form Motion to
9  Appear Telephonically or by Videoconference During the COVID-19 Public
10 Emergency in Civil Matters." EMERGENCY INDIVIDUAL RULES AND
11 PRACTICES IN LIGHT OF COVID-19.[1]
12     These issues have been known to Pontier and the rest of United States since at
13 least March 2020, but Pontier waited until late October 2020-nearly three months after
14 filing suit in Nevada-to seek a change of venue without presenting any of the elements
15 for transfer of venue under 28 U.S.C. § 1404.
16     Yet, since March 2020, Pontier has filed motions to appear telephonically,
17 appeared for multiple hearings telephonically while also filing multiple summary
18 judgment motions, motions to dismiss, motions for leave to amend counter-claims,
19 motions to compel, motions for sanctions, motions to join/add parties and Requests to
20 Disburse Interplead funds after rejecting Dang's stipulation to Disburse the Interplead
21 funds directly to Pontier. *See, e.g.,* Dkt. Nos. 41, 47, 49, 50, 74, 82-2 at ¶¶4-6 (June
22 2020 Joint Motion to Disburse Interplead funds to Pontier presented to Pontier by
23 Magistrate Judge Allison H. Goddard), 89, 91, 93, 110, 113, 118, 121, 122.
24     Through Pontier's prolific filing efforts, he never sought to transfer the matter to
25 District of Nevada. This failure is because he concedes that he is concerned the

---

[1] https://www.casd.uscourts.gov/judges/curiel/docs/Curiel_COVID-19%20Rules%20and%20Procedures.pdf last visited on October 29, 2020.

WINGERT GREBING BRUBAKER & JUSKIE LLP

"statute of limitations deadline may have expired [on] August 12, 2020 to add J.P. Morgan Chase Bank, G.E.I.C.O. Insurance and Farmers Insurance" to his Counter-Claims. (Servais Decl., Ex. 2 at p. 4:5-9.)

### A. No Judicially recognized exceptions to the first-to-file rule exist

No exceptions to the first-to-file rule exist apply here. "'The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.'" *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011) (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). No serious argument could be made that this case ended up in the Southern District of California as a result of any party's bad faith, anticipatory lawsuit, or forum shopping. This case is here because plaintiff hired a San Diego lawyer for his San Diego personal injury case. If anything, Pontier was forum-shopping when, a year into this lawsuit, he filed his related case in Nevada.

Indeed, the first-to-file rule "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625. This case does not warrant straying from the first-to-file rule. Indeed, allowing Pontier to proceed in separate courts would sidestep the important comity and efficiency principles that prompted the courts to develop the rule in the first place.

### V. CONCLUSION

Plaintiff/Counter-Defendant Joseph Dang respectfully requests this Court enjoin Pontier from proceeding with his Nevada lawsuit.

Respectfully submitted,

Dated: October 29, 2020
WINGERT GREBING BRUBAKER & JUSKIE LLP

By: */s/ Andrew A. Servais*
ANDREW A. SERVAIS
AMY L. SIMONSON
MARK M. IMADA
Plaintiff and Counter Defendant,
JOSEPH DANG