UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual`,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self-funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., a California corporation; Kevin Yoo, an individual,<br><br>　　　　　　　　　　　Defendants. | Case No.:  19cv1519 GPC(AHG)<br><br>**ORDER RE PONTIER'S PROPOSED AMENDED COUNTERCLAIM** |

　　　The Court is in receipt of Pontier's proposed amended counterclaim.  In a prior order, the Court granted Pontier's motion for leave to file an amended counterclaim to add JP Morgan Chase Bank, Farmers Insurance, Inc. and GEICO Insurance, Inc.  (Dkt. No. 126.)  On October 29, 2020, Pontier filed a notice to withdraw his request to join

1

those parties because he had filed a separate action against them.[1] (Dkt. No. 132.) The proposed amended counterclaim provides a detailed factual history of Pontier's circumstance; however, it does not allege who the defendant is or what causes of action are alleged. The Court notes that there is heading for "breach of contract/fraud" which the Court can liberally construe as causes of action.

However, the Court notes that Pontier's operative counterclaim alleges claims for conversion, fraud, breach of contract, and legal malpractice against Dang. (Dkt. No. 9, 28.) In the prior order, the Court specifically stated,

> Pontier's amended counterclaim must be complete in itself without reference to the original pleading. *See* S.D. Cal. Civ. Local R. 15.1. Counter-Defendants not named and any claim not re-alleged in the amended counterclaim will be considered waived. *See id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

(Dkt. No. 126 at 7.) Therefore, by filing the proposed amended counterclaim, Pontier will be waiving his claims for conversion, and legal malpractice; however, it is not clear whether Pontier, proceeding pro se, intended to waive these claims. Accordingly, the Court rejects his proposed counterclaim and DIRECTS Pontier to resubmit an amended counterclaim with all claims he seeks to allege against the counterdefendant which complies with Federal Rule of Civil Procedure 8. Pontier is granted leave to re-file his

///
///
///
///

---

[1] In his filing, Pontier did not indicate which court he filed his new complaint but it appears that his action was filed in the District of Nevada. (Dkt. No. 133.)

amended counterclaim to the Court on or before **November 20 , 2020**.

IT IS SO ORDERED.

Dated:  November 5, 2020

Hon. Gonzalo P. Curiel
United States District Judge