UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self-funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., A California corporation; Kevin Yoo, an individual,<br><br>                                    Defendants. | Case No.:  19CV1519-GPC(AHG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR INTERPLEADER DISCHARGE AND INTERPLEADER DISBURSEMENT**<br><br>**[Dkt. No. 110.]** |

Before the Court is Plaintiff Joseph Dang's ("Dang") motion for interpleader discharge and interpleader distribution to Defendant David Pontier ("Pontier"), the sole remaining defendant, of $32,764.62 and any interest deposited into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System.  (Dkt. No. 110.)  Pontier filed an opposition and Dang filed a reply.  (Dkt. Nos 139, 145.)

Based on the reasoning below, the Court GRANTS Dang's motion for interpleader discharge and interpleader disbursement to the remaining claimant, David Pontier.

**Background**

On August 13, 2019, Plaintiff Joseph Dang d/b/a/ Law Office of Joseph Dang ("Plaintiff") filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335, against Defendants David Pontier ("Pontier"), TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn Nusbaum, D.C. ("Nusbaum"), Paul E. Kim, M.D. Inc. ("Kim"), and Kevin Yoo, M.D ("Yoo").  (Dkt. No. 1, Compl.)  Plaintiff was in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement.  (*Id.* ¶¶ 12, 13.)  All Defendants made conflicting demands upon Plaintiff for the funds.  (*Id.* ¶¶ 15-20.)  On August 22, 2019, an order for interpleader deposit was filed and $32,764.62 was deposited into the Court's Interest-Bearing Registry Account and invested in the Court Registry Investment System.  (Dkt. No. 4.)  On April 28, 2020, Defendants TEOCO Corporation Group Benefit Plan, TEOCO Corporation, and UMR Inc. were dismissed by way of a joint motion to dismiss.  (Dkt. Nos. 60, 63.)

On March 10, 2020, Pontier filed his answer to the interpleader complaint.  (Dkt. No. 46.)  Defendants Nusbaum, Kim and Yoo did not file answers to the interpleader complaint.  Therefore, on June 25, 2020, entry of default was entered against Nusbaum, Kim and Yoo.  (Dkt. No. 78.)  On July 22, 2020, the Court granted Pontier's motion for default judgment on the interpleader complaint as to Defendants Nusbaum, Kim and Yoo but denied Pontier's request for damages as premature because Dang, in a non-opposition, reserved all rights to attorney fee recovery in connection to any request for interpleader discharge.  (Dkt. No. 98.)

On August 4, 2020, Dang filed a motion for interpleader discharge and disbursement to Pontier.  (Dkt. No. 110.)  On November 25, 2020, Dang filed a reply.

(Dkt. No 139.)  On November 30, 2020, Pontier filed his opposition.[1]  (Dkt. No. 145.)  In the motion for interpleader discharge, Dang does not seek attorney's fees.  Pontier argues that the interpleader complaint should be dismissed with prejudice as time barred, the funds returned to him and that he be awarded compensation for defending this action.  (Dkt. No. 145.)

### Discussion

### A.    Interpleader Discharge

"In an interpleader action, the 'stakeholder'[2] of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1265 (9th Cir. 1992) (citation omitted).  "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010) (quoting *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999)).  Second, "the district court will then make a determination of the respective rights of the claimants. *Id.* at 1023-24.

In its prior order on Pontier's motion for default judgment, the Court concluded that at the time the interpleader complaint was filed, it had jurisdiction over it.  (Dkt. No. 98 at 6 (citing 28 U.S.C. § 1335(1) ("Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim . . . to be entitled to such money or property").  Moreover, the Court found that the "interpleader complaint is well pleaded in that it

---

[1] Because Pontier is proceeding pro se, he uses the U.S. postal service to submit his filings.  Therefore, on this motion, Pontier's opposition was filed after Dang's reply was filed.

[2] A "stakeholder" is the "person or entity who possesses a fund to which adverse claims are made, but who personally has no interest in the fund." *First Interstate Bank of Or. v. United States*, 891 F. Supp. 543, 546 n. 5 (D. Or. 1995).

adequately alleges competing claims to a single fund at issue." (*Id*. at 7.)  In conclusion, the Court granted Pontier's motion for default judgment against Defendants Glenn Nusbaum, Dr. Paul Kim and Dr. Kevin Yoon.  (*Id*. at 10.)  Therefore, the first step has been met.

Once a court determines that interpleader is proper and the stakeholder deposits the res with the court, the court may discharge a disinterested stakeholder from the action by issuing a judgment in interpleader.  28 U.S.C. § 2361; *First Interstate Bank of Or. v. United States*, 891 F. Supp. 543, 546 (D. Or. 1995) ("First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.").  "Discharge [of an interpleader] is normally granted absent bad faith by the stakeholder." *Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1260 (W.D. Wash. 2018).  A "stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake" which is not an "onerous" requirement. *Michelman v. Lincoln Nat'l Life Ins. Co*., 685 F.3d 887, 894 (9th Cir. 2012).  The "threshold to establish good faith is necessarily low so as not to conflict with interpleader's pragmatic purpose, which is 'for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund.'" *Id.*

Here, Plaintiff was faced with the prospect of multiple, competing claims upon the same benefit.  (Dkt. No. 1, Compl. at 3.)  Thus, interpleader was the proper mechanism for resolving the competing claims.  In opposition, Pontier argues that the statute of limitations bars the interpleader complaint and should be dismissed.  However, on this motion, the Court is addressing whether Dang may be discharged from the action on the interpleader complaint.[3]  By seeking dismissal of the interpleader complaint, Pontier is essentially seeking the same relief as Dang which is discharging Dang and disbursing the remaining funds to Pontier which will terminate the case.  Moreover, the statute of

---

[3] The Court notes that Pontier filed counterclaims against Dang and the other defendants that is still pending.  (Dkt. Nos. 9, 28.)

19CV1519-GPC(AHG)

limitations would be a defense raised by Pontier against the other claimants in claiming entitlement to the funds; however, default judgment has been entered against Defendants Nusbaum, Yoo and Kim.  Therefore, any arguments against the other defendants as to the entitlement of the funds is moot.  Finally, to the extent Pontier appears to argue there was bad faith by Dang in bringing a time barred interpleader complaint, Pontier has not demonstrated by providing any evidence or legal authority in support.  The record demonstrates that, after a hiatus of several years, Dang began negotiating with the medical providers with liens on Pontier's settlement funds as late as 2017.  (Dkt. No. 118-4, Exs. 1-8.)  Therefore, Pontier has not clearly demonstrated with factual evidence or legal authority that the statute of limitation had run when Dang filed the interpleader complaint on August 13, 2019.  Therefore, no bad faith has been demonstrated to bar discharge of Dang.

Once the first step has been met, on the second step the court will "then make a determination of the respective rights of the claimants."  *Mack*, 619 F.3d at 1023-24.  In this case, default judgment has been entered against Defendants Nusbaum, Kim and Yoo; therefore, Pontier is the only remaining claimant and is entitled to the disbursement of the interpleaded amount.  *See Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").  Therefore, the Court GRANTS Plaintiff's motion for interpleader discharge and disbursement of the interpleaded funds to Defendant David Pontier.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for interpleader discharge and disbursement.  The Clerk of the Court shall pay to Pontier the amount of **$32,764.62** and any interest from the funds deposited into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System.  Plaintiff Dang shall be discharged as Stakeholder with regard to the $32,764.62 and any interest deposited into the Court's Interest Bearing-Registry Account and invested in the Court

1   Registry Investment System.  The hearing set on December 18, 2020 shall be **vacated.**

2        IT IS SO ORDERED.

3   Dated:  December 15, 2020

4                                             Hon. Gonzalo P. Curiel

5                                             United States District Judge

6        6

19CV1519-GPC(AHG)