UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self-funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., A California corporation; Kevin Yoo, an individual,<br><br>Defendants. | Case No.: 19CV1519-GPC(AHG)<br><br>**ORDER GRANTING COUNTERDEFENDANT DANG'S MOTION TO ENJOIN FURTHER PROSECUTION OF LATER FILED SUIT**<br>**[Dkt. No. 133.]** |

Before the Court is Counterdefendant Dang's motion to enjoin further prosecution of a later filed suit in the District of Nevada. (Dkt. No. 133.) Pontier filed an opposition. (Dkt. No. 144.) No reply was filed. Based on the reasoning below, the Court GRANTS Dang's motion to enjoin the action in the District of Nevada.

/ / /

/ / /

**Procedural Background**

On August 13, 2019, Plaintiff Joseph Dang d/b/a/ Law Office of Joseph Dang ("Dang") filed a complaint in interpleader, pursuant to 28 U.S.C. § 1335, against Defendants David Pontier ("Pontier"), proceeding pro se, TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn Nusbaum, D.C. ("Nusbaum"), Paul E. Kim, M.D. Inc. ("Kim"), and Kevin Yoo, M.D ("Yoo").[1]  (Dkt. No. 1, Compl.)  Plaintiff was in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement.  (*Id.* ¶¶ 12, 13.)  All Defendants made conflicting demands upon Plaintiff for the funds.  (*Id.* ¶¶ 15-20.)  On August 22, 2019, an order for interpleader deposit was filed and $32,764.62 was deposited into the Court's Interest-Bearing Registry Account and invested in the Court Registry Investment System.  (Dkt. No. 4.)  On February 28, 2020, the Court denied Pontier's motion to dismiss the interpleader for failure to serve the complaint and summons.  (Dkt. No. 39.)  On March 10, 2020, Pontier filed his answer to the interpleader complaint.  (Dkt. No. 46.)  Defendants Nusbaum, Kim and Yoo did not file answers to the interpleader complaint.  On April 28, 2020, Defendants TEOCO Corporation Group Benefit Plan, TEOCO Corporation, and UMR Inc. were dismissed by way of a joint motion to dismiss.  (Dkt. Nos. 60, 63.)  On June 25, 2020, entry of default was entered against Nusbaum, Kim and Yoo.  (Dkt. No. 78.)  On July 22, 2020, the Court granted Pontier's motion for default judgment on the interpleader complaint as to Defendants Nusbaum, Kim and Yoo but denied Pontier's request for damages as premature.  (Dkt. No. 98.)  Recently, on December 15, 2020, the Court granted Dang's motion for interpleader discharge of Dang and disbursement of the interpleader funds to Pontier.  (Dkt. No. 152.)

---

[1] The Court notes that on August 9, 2018, Dang filed an interpleader action in this Court but voluntary dismissed it on June 12, 2019.  (Case No. 18cv1869-LAB(BGS), Dkt. Nos. 1, 7.)

On January 15, 2020, Pontier, proceeding pro se, filed a counterclaim alleging causes of action for conversion, fraud, breach of contract, and legal malpractice against Dang as well as claims of medical fraud and medical malpractice against Dang, Kim, Nusbaum, and Yoo.  (Dkt. No. 9.)  On February 7, 2002, Pontier filed a supplemental counterclaim alleging violations of the Federal Fair Debt Collection Practices Act and/or California's Rosenthal Fair Debt Collection Practices Act against Dang, Kim, Yoo, and Nusbaum and another count of fraud against Dang.  (Dkt. No. 28.)  Dang filed an answer to the counterclaim and the supplemental counterclaim.  (Dkt. Nos. 27, 36.)  Kim, Yoo and Nusbaum did not respond.

On May 29, 2020, the Court denied Pontier's motion for leave to amend his counterclaim seeking to add JP Morgan Chase Bank, Inc. ("JP Morgan Chase"), Farmers Insurance, Inc. ("Farmers") and GEICO Insurance, Inc. ("GEICO") as defendants.  (Dkt. No. 70.)  Because Pontier failed to provide any factual support or allege any proposed causes of action against these proposed defendants, the Court concluded that leave to amend would be futile.  (*Id.*)  On July 6, 2020, Pontier filed a motion for leave to file an amended counterclaim based upon new evidence as well as motions for joinder of J.P. Morgan Chase, GEICO and Farmers under Federal Rule of Civil Procedure ("Rule") 19(a).  (Dkt. Nos. 89, 91, 93, 95.)  On October 8, 2020, the Court granted Pontier's motion for leave to file an amended counterclaim by October 23, 2020.  (Dkt. No. 126 at 7.)  It concluded "under Rule 15(a) and Rule 20, the Court GRANTS Pontier's motions for reconsideration and GRANTS him leave to file an amended counterclaim to add JP Morgan Chase, GEICO and Farmers as defendants in the counterclaim."  (*Id.*)  On October 29, 2020, Pontier filed a Notice to Withdraw Request to Join Parties indicating he did not seek to add the J.P. Morgan Chase, GEICO and Farmers as defendants in the counterclaim as he decided to seek relief against them in another court.  (Dkt. No. 132.)  It appears he filed his complaint in the District of Nevada.

On August 5, 2020, Pontier filed a complaint in the District of Nevada against GEICO, Farmers, JP Morgan Chase, Dang, Phia Group, Inc., Nussbaum, Yoo, Kim, the

State Bar of California and the State of California. (*Pontier v. Geico*, 20cv1446-RFB-BNW, D. Nev.) The Nevada complaint's heading states "COMPLAINT FOR CONVERSION, BAD FAITH, FRAUD". (*Id.*, Dkt. No. 1, Compl.) Pending in the District of Nevada is a motion to dismiss or motion to transfer filed by JP Morgan Chase and GEICO. (*Id.*, Dkt. Nos. 7, 9.) The motions are not fully briefed. On December 2, 2020, Pontier filed a motion for voluntary dismissal of Kim, Yoo and Nusbaum. (*Id.*, Dkt. No. 18.)

Dang filed the instant motion to enjoin prosecution of the case in the District of Nevada. (Dkt. No. 133.) Pontier filed an opposition but does not address issues raised in Dang's motion or address the legal standard for the first to file rule. (Dkt. No. 144.)

## Discussion

**A.     Motion to Enjoin Based on First to File Rule**

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979)). It was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology*, 611 F.2d at 750). The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 623. In determining the applicability of the first-to-file rule, courts look to three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties, and (3) the similarity of the issues. *See id.* at 625.

Under the first to file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). However,

the Ninth Circuit has held that "[w]hen a district court has jurisdiction over all parties involved, it may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, (9th Cir. 1986) (citing *United States v. Oregon*, 657 F.2d 1009, 1016 n. 17 (9th Cir. 1981) ("When a district court has jurisdiction over all parties involved, it may enjoin the commission of acts outside of its district.") and *Seattle Totems Hockey Club, Inc. v. Int'l Hockey League*, 652 F.2d 852, 854-56 (9th Cir. 1981), *cert. denied sub nom., Northwest Sports Enters. v. Seattle Totems Hockey Club*, 457 U.S. 1105 (1982) ("A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be 'used sparingly.'")); *see also Laboratory Corp. of America Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332-33 (Fed. Cir. 2004) (upholding injunction of later-filed infringement claim so that first-filed declaratory judgment action might proceed); *Terra Intern'l, Inc. v. Mississippi Chem. Corp.*, 896 F. Supp. 1468, 1476 (N.D. Iowa 1995) ("within the context of the "first-filed rule," courts have held that a district court has the power to enjoin proceedings involving the same parties and the same issues brought in another forum."); *Mentor Graphics Corp. v. Trimeter Technologies Corp.*, 739 F. Supp. 542, 544 (D. Or. 1990) ("A federal court can also enjoin the prosecution of an action where the same issues are presented in another federal court.").

### 1. Chronology of the Lawsuits

This action was filed in August 2019 and the counterclaim was filed in January 2020, while the Nevada action was filed a year later in August 2020. Therefore, this is the first filed case.

### 2. Similarity of the Parties

The Ninth Circuit has recognized that the "first-to-file rule does not require the exact identity of the parties" but requires "only substantial similarity of parties." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015).

1  Both cases involve Pontier, Dang, Kim, Nusbaum and Yoo.  While Pontier filed a
2  motion for voluntary dismissal of Kim, Nusbaum, and Yoo in the Nevada case, it has not
3  yet been granted.  (*Pontier v. Geico*, Case No. 20cv1446-RFB-BNW, D. Nev., Dkt. No.
4  18.)  Excluded from this action are JP Morgan Chase, GEICO, Famers, Phia Group, Inc.,
5  the State of California and the California State Bar.  While the parties are not identical,
6  they are somewhat similar as they both include Pontier, Dang, Kim, Nusbaum and Yoo.
7  *See Pacific Coast Breaker, Inc. v. Conn. Elec., Inc*., Civ. No. 10–3134 KJM EFB, 2011
8  WL 2073796, at * (E.D. Cal. May 24, 2011) ("exact identity is not required to satisfy the
9  first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the
10  other matter, regardless of whether there are additional, unmatched parties in one or both
11  matters.").

   **3.   Similarity of the Issues**

13  The Ninth Circuit has held that the issues in both cases do not need to be identical
14  but only "substantially similar."  *Kohn Law Group, Inc*. 787 F.3d at 1240-41.  The Ninth
15  Circuit looks at whether there is "substantial overlap" between the two cases.  *Id.* at 1241;
16  *see also Red v. Unilever United States, Inc*., No. 09-07855 MMM (AGRX), 2010 WL
17  11515197, at *5 (C.D. Cal. Jan. 25, 2010) ("[T]he first-to-file rule does not require
18  identical issues, so long as the actions are substantially similar or involve substantial
19  overlap."); *Pedro v. Millennium Prod., Inc.,* No. 15-CV-05253-MMC, 2016 WL
20  3029681, at *5 (N.D. Cal. May 27, 2016) ("[W]here claims in the earlier and later-filed
21  lawsuits implicate 'common fact[s]' . . ., courts have found those lawsuits present similar
22  issues.") (citing *Adoma,* 711 F. Supp. 2d at 1149); *Bozic v. Uijl*, No. 16-CV-733-
23  BAS(MDD), 2017 WL 432878, at *6 (S.D. Cal. Jan. 31, 2017) (finding test satisfied
24  where claims "substantially overlapped").

25  Here, the facts and issues in this case are substantially similar to the facts and
26  issues in the Nevada case.  They both arise from Pontier's claim that Dang, his former
27  attorney, acted improperly in disbursing the settlement funds that he received in his
28  personal injury action filed in San Diego, CA.  He claims that Dang disbursed settlement

funds to himself and refused to disburse the remaining amounts to Pontier within six weeks of receiving the funds. While Pontier adds additional facts to support his claims, the allegations all arise from Dang's representation of Pontier in his personal injury action. Because the issues substantially overlap in both cases, the similarity of the issues factor has been met.

### 4. Exceptions to the First to File Rule

There are three exceptions to the application of the first-to-file rule: (1) bad faith; (2) anticipatory suit; and (3) forum shopping. *See Alltrade*, 946 F.2d at 628. Pontier and Dang do not allege and it does not appear to the Court that any of these exceptions apply to this case.

In his notice of withdrawal to join parties, Pontier argues he filed the case in Nevada because he was concerned that the statute of limitations would run against JP Morgan Chase and GEICO if he waited for the Court's ruling on his motion to amend the counterclaim. (Dkt. No. 132.) However, he has not provided legal authority that avoiding the running of the statute of limitations is an exception to the first to file rule. He could have sought relief in this Court if he had concerns about any statute of limitations issue.

Dang acknowledges that Pontier also argues inconvenience and that due to COVID-19 and his physical limitations due to his spinal injury traveling to the Southern District of California will be high risk and difficult for him. However, due to COVID-19, the Court allows parties to appear at hearings telephonically or by video conference; therefore, any hardships are minimized and do not overcome the concerns of judicial economy, avoiding inconsistent rulings and comity if two cases on similar facts and issues were to proceed in two different courts.

The Court notes that this case has been litigated for over a year and summary judgment motions have been fully briefed while the case in Nevada is only in the beginning stages as answers have not yet been filed. In that case, there are also two motions to dismiss for failure to state a claim or alternatively, motion to transfer the case

to this district. Judicial economy, consistency and comity require that the first to file rule apply in this case. *Kohn*, 787 F.3d at 1240 ("When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity."). Accordingly, the Court concludes the first to file rule applies and enjoins the prosecution of case in the District of Nevada.

## Conclusion

Based on the reasoning above, the Court GRANTS Dang's motion to enjoin the case in the District of Nevada under the first to file rule.

IT IS SO ORDERED.

Dated: December 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge