UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG d/b/a LAW OFFICE OF JOSEPH DANG, an individual`,<br><br>Plaintiff,<br><br>v.<br><br>DAVID PONTIER, an individual; TEOCO Corporation Group Benefit Plan, a self-funded group health plan; TEOCO Corporation, a Delaware Corporation; UMR Inc., a Delaware Corporation; Glenn C. Nusbaum, an individual; Paul E. Kim, MD Inc., a California corporation; Kevin Yoo, an individual,<br><br>Defendants. | Case No.: 19cv1519 GPC(AHG)<br><br>**ORDER DENYING DEFENDANT PONTIER'S MOTION FOR RECONSIDERATION ON MOTION FOR SANCTIONS**<br><br>**[Dkt. No. 137.]** |

Before the Court is Defendant David Pontier's motion for rehearing[1] on motion for sanctions which the Court construes as a motion for reconsideration.  (Dkt. No. 137.) Dang filed an opposition. (Dkt. No. 140.) Pontier filed a reply.[2] (Dkt. No. 151.)

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

On October 9, 2020, the Court denied Pontier's motion for sanctions because he failed to comply with the safe harbor provision under Federal Rule of Civil Procedure ("Rule") 11 which requires that service of the motion be filed 21 days prior to its filing. (Dkt. No. 126 at 7-8.)  As a threshold matter, in order to seek sanctions under Rule 11, the party must comply with Rule 11's safe harbor provision which requires service of the motion 21 days prior to filing.  *See* Fed. R. Civ. P. 11(c)(2). This allows a party to retract the allegedly offending allegations before the motion is filed with the Court. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).  The procedural requirement of the safe harbor period is mandatory, and an "absolute prerequisite" to a motion for sanctions brought by any party. *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D.

---

[1] The Court notes that there is no provision for rehearing in this Court.
[2] In reply and in response to Dang's argument that Pontier did not comply with the rules on reconsideration, Pontier argues that he is not filing a motion for reconsideration but a motion for rehearing but provides no legal authority in support.

169, 174 (C.D. Cal. 2002); *Radcliffe*, 254 F.3d at 789 (informal warnings not sufficient to satisfy safe harbor requirement).

      In his motion, Pontier argues that he served Dang, through his attorney Andrew Servais, on July 20 or 24, 2020[3] as demonstrated by the U.S. Postal Service Certified mail receipt which was 21 days prior to the filing of the motion for sanctions.  (Dkt. No. 137, Ex. A.)  Because Dang did not provide a response 21 days after service on August 10, 2020, Pontier filed the Rule 11 motion for sanctions on August 14, 2020.  (Dkt. No. 113.)  However, the Court is unable to confirm that the motion for sanctions was filed on July 24, 2020 because the date on the copy of the U.S. Postal Certified mail receipt is cut off so that it is not clear whether the motion for sanctions was included in this mailing.  In fact, Pontier argues that he mailed the proof of service of the Motion for Sanctions in a filing on September 11, 2020 seeking an extension of time to respond to Dang's motion for summary judgment.  (*See* Dkt. No. 122.)  But, the September 11, 2020 filing only states that Pontier served Dang's attorney, Andrew Servais, with discovery requests on July 24, 2020 and attaches the same U.S. Postal Service Certified mail receipt with the date cut off.  (Dkt. No. 122 at 5; *id.,* Ex. B at 16[4].)  The proof of service attached to the September 11, 2020 filing does not support Pontier's claim that he complied with the safe harbor provision of Rule 11.  Accordingly, because Pontier has not demonstrated new

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] Pontier asserts he served Dang on July 20, 2020 and later in the argument states that Dang's attorney signed the U.S. Postal Service Certified mail receipt on July 24, 2020.  (Dkt. No. 137 at 2.)
[4] Page numbers are based on the CM/ECF pagination.

1 evidence, clear error or manifest injustice, the Court DENIES Pontier's motion to
2 reconsider his motion for sanctions.[5]
3      IT IS SO ORDERED.
4 Dated: December 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] Included in Pontier's reply is a request that Jennifer Husar no longer be allowed to attest to certificate of service on behalf of Dang. (Dkt. No. 151 at 24-28.) The Court declines to address a request filed in a reply. Pontier must file any motion after seeking a hearing date from the Court as required by the S.D. Civil Local Rule 7.1(b) and the undersigned Civil Chambers Rules.