UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID PONTIER, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv1519-LL-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF/COUNTER-DEFENDANT JOSEPH DANG** |
| DAVID PONTIER,<br><br>　　　　　　　　　Counter-Claimant,<br><br>v.<br><br>JOSEPH DANG, et al.,<br><br>　　　　　　　　　Counter-Defendants. | [ECF No. 217] |

Before the Court is a Motion from Klinedinst, PC, ("Counsel") to withdraw as counsel of record for Plaintiff/Counter-Defendant Joseph Dang ("Dang"). ECF No. 217 ("Motion"). No opposition has been filed. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motion and the applicable law, the Court **GRANTS** the Motion for the reasons set forth below.

1

## I. PROCEDURAL HISTORY

On August 13, 2019, Plaintiff Joseph Dang d/b/a Law Office of Joseph Dang filed a complaint in interpleader pursuant to 28 U.S.C. § 1335 against Defendants Pontier, TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn C. Nusbaum, Paul E. Kim, M.D. Inc., and Kevin Yoo, M.D. ECF No. 1. Plaintiff was in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement. *Id.* ¶¶ 12, 13. Plaintiff claimed Defendants had made conflicting demands upon Plaintiff for the funds. *Id.* ¶¶ 15–20.

On January 15, 2020, Defendant Pontier filed counterclaims against Plaintiff Dang alleging causes of action for conversion, fraud, breach of contract, and legal malpractice, as well as claims of medical fraud and medical malpractice against Dang, Kim, Nusbaum, and Yoo. ECF No. 9. On February 7, 2002, Pontier filed supplemental counterclaims against Dang, Kim, Nusbaum, and Yoo alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). ECF No. 28.

On March 12, 2020, Pontier filed a motion to dismiss the interpleader complaint. ECF No. 49.

On April 28, 2020, Defendants TEOCO Corporation Group Benefit Plan, TEOCO Corporation, and UMR Inc. were dismissed. ECF No. 63. On July 22, 2020, the Court granted Defendant Pontier's motion for default judgment against Defendants Nusbaum, Kim, and Yoo as to the interpleaded funds, but denied Pontier's request for damages. ECF No. 98. In the same order, the Court denied Pontier's motion to dismiss the interpleader complaint as moot. *Id.* at 7, 10.

On December 15, 2020, the Court granted Dang's motion for interpleader discharge and interpleader disbursement to Defendant Pontier. ECF No. 152. The Clerk of Court was directed to pay Pontier $32,764.62 plus interest earned, and Dang was discharged as stakeholder with regard to the funds. *Id.* at 5–6.

On December 18, 2020, the Court ruled on motions for summary judgment by Dang and Pontier on the counterclaims. ECF No. 156. The counterclaims that survived summary judgment are Pontier's allegations of breach of contract and medical fraud. *Id.* at 30.

On February 2, 2024, Pontier filed a motion to dismiss for lack of subject matter jurisdiction, which is currently pending. ECF No. 190.

On February 29, 2024, Pontier filed a motion to change venue, which is currently pending. ECF No. 195.

On June 6, 2024, Pontier filed a notice of appeal regarding the Court's July 22, 2020 order that dismissed Pontier's March 12, 2020 motion to dismiss as moot. ECF No. 206. On September 23, 2024, the appellate court dismissed Pontier's appeal for lack of jurisdiction. ECF No. 218.

On August 5, 2024, the instant Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant Joseph Dang was filed. ECF No. 217. No opposition was filed.

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this district's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

/ / /

  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

  A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

### III. DISCUSSION

  As a preliminary matter, the Court notes that Counsel has met the requirements of Civil Local Rule 83.3(f) by providing proof of its service of the Motion on Dang and adverse parties. ECF No. 217-4. The Court turns next to the merits of the Motion.

  Counsel claims withdrawal as counsel is appropriate because they have been unable to communicate with Dang since early 2024, which "renders it unreasonably difficult for the lawyer to carry out the representation effectively." ECF No. 217-1 at 1–2 (quoting Cal. Rules of Prof'l Conduct 1.16(b)(4)). Counsel claims they contacted Dang via email "regarding the firm's need to contact [their] office regarding continued representation and advised that the firm would be forced to move to withdraw without such contact on January 31, February 5, May 19, July 8, July 19, and August 4, 2024." ECF No. 217-2, Declaration of Andrew A. Servais ("Servais Decl."), ¶ 2. Counsel also left messages on his office phone

/ / /

number twice in May 2024, and then again on July 12, July 17, and July 18, 2024. *Id.* Dang has not responded to Counsel. *Id.*

The Court finds Counsel's claims are valid reasons for withdrawal. Dang's cessation of communication with Counsel since early 2024 despite warnings of withdraw have made it unreasonably difficult for Counsel to carry out the representation effectively. *See Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants failing to pay legal fees and refusing to communicate with counsel). Because there are no immediately scheduled hearings and Dang has had sufficient notice of the intent to withdraw, there is no danger of prejudice to other litigants, harm to the administration of justice, or undue delay. *See Gurvey*, 2010 WL 2756944, at *1. Accordingly, the Court finds it is appropriate for Counsel to withdraw as counsel for Dang because the relevant considerations weigh in their favor.

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant Joseph Dang as follows:

1. On or before **October 7, 2024**, Counsel shall (1) serve a copy of this Order on Dang and file proof of service with the Court and (2) inform Dang of the contents of this Order by phone and email and submit a declaration of having done so.

2. Dang may proceed pro se (without counsel) and must inform the Court and opposing parties of his current address on or before **October 7, 2024** pursuant to Civil Local Rule 83.11(b).

**IT IS SO ORDERED**.

Dated:  September 30, 2024

_____
Honorable Linda Lopez
United States District Judge