UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br><div align="right">Plaintiff,</div><br>v.<br><br>DAVID PONTIER, et al.,<br><div align="right">Defendants.</div> | Case No.:  19cv1519-LL-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS; AND**<br><br>**(2) DENYING MOTION FOR CHANGE OF VENUE** |
| DAVID PONTIER,<br><br><div align="right">Counter Claimant,</div><br>v.<br><br>JOSEPH DANG, et al.,<br><div align="right">Counter Defendants.</div> | [ECF Nos. 190, 195] |

Before the Court is Defendant and Counter Claimant David Pontier's Motion to Dismiss [ECF No. 190] and Motion for Change of Venue [ECF No. 195]. No responses to the Motions have been filed. The Court finds these matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motions and the applicable law, the

Court **DENIES** the Motion to Dismiss and **DENIES** the Motion for Change of Venue for the reasons set forth below.

## I.    BACKGROUND

On August 13, 2019, Plaintiff Joseph Dang d/b/a Law Office of Joseph Dang filed a complaint in interpleader pursuant to 28 U.S.C. § 1335 against Defendants Pontier, TEOCO Corporation Group Benefit Plan, TEOCO Corporation as Plan Sponsor, UMR Inc., Glenn C. Nusbaum, Paul E. Kim, M.D. Inc., and Kevin Yoo, M.D. ECF No. 1. Plaintiff was in possession of $32,764.62 in the name of David Pontier, a former client, representing funds remaining from a personal injury settlement. *Id.* ¶¶ 12, 13. Plaintiff claimed Defendants had made conflicting demands upon Plaintiff for the funds. *Id.* ¶¶ 15–20.

On January 15, 2020, Defendant Pontier filed counterclaims against Plaintiff Dang alleging causes of action for conversion, fraud, breach of contract, and legal malpractice, as well as claims of medical fraud and medical malpractice against Dang, Kim, Nusbaum, and Yoo. ECF No. 9. On February 7, 2002, Pontier filed supplemental counterclaims against Dang, Kim, Nusbaum, and Yoo alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). ECF No. 28.

On March 12, 2020, Pontier filed a motion to dismiss the interpleader complaint. ECF No. 49.

On April 28, 2020, Defendants TEOCO Corporation Group Benefit Plan, TEOCO Corporation, and UMR Inc. were dismissed. ECF No. 63. On July 22, 2020, the Court granted Defendant Pontier's motion for default judgment against Defendants Nusbaum, Kim, and Yoo as to the interpleaded funds, but denied Pontier's request for damages. ECF No. 98. In the same order, the Court denied Pontier's motion to dismiss the interpleader complaint as moot. *Id.* at 7, 10.

On December 15, 2020, the Court granted Dang's motion for interpleader discharge and interpleader disbursement to Defendant Pontier. ECF No. 152. The Clerk of Court was

directed to pay Pontier $32,764.62 plus interest earned, and Dang was discharged as stakeholder with regard to the funds. *Id.* at 5–6.

On December 18, 2020, the Court ruled on motions for summary judgment by Dang and Pontier on the counterclaims. ECF No. 156. The counterclaims that survived summary judgment are Pontier's allegations of breach of contract and medical fraud. *Id.* at 30.

On February 2, 2024, Pontier filed the instant Motion to Dismiss. ECF No. 190. He subsequently filed exhibits to the Motion to Dismiss. ECF Nos. 193, 200.

On February 29, 2024, Pontier filed the instant Motion to Change Venue. ECF No. 195.

On June 6, 2024, Pontier filed a notice of appeal regarding the Court's July 22, 2020 order that dismissed Pontier's March 12, 2020 motion to dismiss as moot. ECF No. 206. On September 23, 2024, the appellate court dismissed Pontier's appeal for lack of jurisdiction. ECF No. 218.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1) Motion to Dismiss[1]

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Challenges to subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Facial challenges assert that the allegations are insufficient to invoke federal jurisdiction, while factual challenges dispute the truth of legally sufficient allegations. *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial challenge, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (noting that

---

[1] Use of the word "Rule" in this Order refers to the Federal Rules of Civil Procedure, unless stated otherwise.

facial attacks are resolved using the same standard as a Rule 12(b)(6) motion to dismiss). In a factual attack, the challenger presents evidence, and "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d at 1039. However, the court may not decide genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Dalfio v. Orlansky-Wax, LLC*, No. 21-56339, 2022 WL 3083323, at *1 (9th Cir. Aug. 3, 2022) (quoting *Safe Air for Everyone*, 373 F.3d at 1040).

## B.    Venue in Statutory Interpleader

In a statutory interpleader action filed pursuant to 28 U.S.C. § 1335, venue is proper "in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The moving party has the burden of showing that convenience and justice require a transfer of venue. *WB Music Corp. v. The Leonore S. Gershwin 1987 Tr.*, No. CV 09-5171-GHK (RZX), 2010 WL 11596155, at *2 (C.D. Cal. Mar. 18, 2010) (citations omitted). A court determining whether transfer is appropriate in a particular case under § 1404(a) must weigh multiple factors, including, for example, the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The presence of a forum selection clause is also a significant factor to be considered. *Id.* at 499.

/ / /

/ / /

## III.   DISCUSSION

### A.   Statutory Interpleader Jurisdiction

Defendant Pontier's Motion to Dismiss for lack of subject matter jurisdiction and Motion for Change of Venue are both premised on the same argument.[2] Pontier makes a facial attack on subject matter jurisdiction, arguing that he was the only Defendant who filed a claim to the interpleader funds, which was insufficient to establish statutory interpleader jurisdiction. ECF Nos. 190 at 6, 8–13; 195 at 3–4, 15–16. Pontier further argues that because he was the first and only Defendant to make a claim for the funds and he resides in Nevada, venue was improper in this district when the interpleader was filed; or alternatively, venue should be transferred to Nevada. ECF Nos. 190 at 13–17; 195 at 8–9.

The interpleader statute gives district courts jurisdiction over cases in which a stakeholder seeks "to protect itself against the problems posed by multiple claimants to a single fund." *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999); *see also* 28 U.S.C. § 1335. Section 1335 is proper when two or more adverse claimants of diverse citizenship "are claiming or may claim to be entitled to" the same fund. 28 U.S.C. § 1335(a)(1); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532–33 (1967). "The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims." *Ensley*, 174 F.3d at 980. "The adverse claim—whether actual or potential—must be at least colorable." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894–96 (9th Cir. 2012)

The Court finds interpleader jurisdiction was appropriate even though only one defendant claimed the fund. Plaintiff initiated the interpleader complaint alleging that he

---

[2] In the Motion to Dismiss, Pontier makes other arguments that are not cognizable as Rule 12(b)(1) arguments or were summarily dismissed in the Court's December 18, 2020 Order Granting in Part and Denying in Part Counterdefendant Dang's Motion for Summary Judgment and Denying Counterplaintiff Pontier's Amended Motion for Summary Judgment. ECF Nos. 190 at 6–7; 156 at 28–29.

was in possession of $32,764.62 from a personal injury settlement in the name of Defendant Pontier, his former client. ECF No. 1 ¶¶ 12–13. Plaintiff alleged that Pontier, the medical provider Defendants who provided medical care under a lien on Pontier's personal injury proceeds, and the health plan Defendants each made conflicting demands for the funds. *Id.* ¶¶ 15–20. Defendants were served with a summons and the complaint. ECF Nos. 18–24. Subsequently, the three health plan Defendants "agreed to relinquish their claim to the interpled funds in exchange for their dismissal from this action" and were dismissed with prejudice. ECF Nos. 60, 63. The three medical provider Defendants did not respond to the complaint or appear in the matter, and the Court granted Pontier's motion for default judgment against them as to the interpleaded funds. ECF No. 98.

Statutory interpleader jurisdiction "extends to potential, as well as actual, claims," so interpleader was appropriate here where colorable, adverse claims were present when the matter was filed. *See* 28 U.S.C. § 1335(a)(1); *Tashire*, 386 U.S. at 532–33; *Ensley*, 174 F.3d at 980. Other courts have similarly found that when defaulting defendants resulted in only one claimant for the fund, interpleader was not inappropriate and instead it expedited the conclusion. *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Although interpleader is proper only where there are two or more claimants to a fund, we do not think that the court in this case was bound to dismiss the action following the entry of the default judgment. Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (". . . CDA and MECCO were properly designated as 'adverse claimants' who 'may claim' the proceeds of the policies. Their subsequent defaults did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage [of the interpleader analysis]."); *Wilco Life Ins. Co. v. Justin Island*, No. 2:20-CV-01759-SVW, 2020 WL 5768985, at *3 (C.D. Cal. Sept. 25, 2020) (finding where only one claimant remains after default judgment is granted in an interpleader action, courts often resolve the entire action upon a motion for default judgment by determining if the

interpleader action is proper and if so, distributing the funds to the remaining claimant); *OM Fin. Life Ins. Co. v. Ferrari*, No. CIV S-11-0728 JAM, 2011 WL 4899751, at *2 (E.D. Cal. Oct. 13, 2011), *report and recommendation adopted,* No. CV S-11-0728 JAM GGH, 2011 WL 13247495 (E.D. Cal. Dec. 9, 2011) (finding in an interpleader action where one claimant remained after one defendant disavowed interest in the fund and one did not respond, the remaining claimant was entitled to the interpleaded funds). Accordingly, the Court is persuaded by those decisions and finds that when Pontier remained as the sole claimant after three Defendants disclaimed interest, and three defaulted, interpleader was not destroyed.

Pontier relies on *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504 (9th Cir. 1978) to support his argument for finding interpleader inappropriate, but *Libby* is distinguishable. *Id.* at 507–09. Importantly, *Libby* did not involve a single fund:

> "Libby engaged in several discrete transactions: the Packing Agreement with Shanghai, and numerous blanket purchase orders issued to various suppliers. The suppliers each alleged Libby's independent liability based upon its own independent contractual relationship with Libby, and each totally disclaimed any interest in the proceeds relating to the Packing Agreement, to which none was a party."

*Id.* at 508–09. The appellate court found the district court did not have interpleader jurisdiction where only one defendant made a claim. *Id.* The appellate court reasoned that "[w]hile the result we reach does raise the possibility of multiple liability for parties such as Libby, interpleader is designed to protect the stakeholder from such liability only when based upon the particular fund proffered by the interpleader plaintiff or, put another way, 'When only a single obligation is owing.'" *Id.* at 509 (citations omitted). In *Libby*, the stakeholder had different liabilities because of its different agreements with the defendants. Additionally, only one defendant made a claim, and the other defendants disclaimed interest in those particular proceeds. In this case, there is only one fund, the personal injury settlement, that defendants all had a potential claim to, and the three defaulting Defendants did not expressly disavow any claim to it. *See Tashire*, 386 U.S. at 530 (noting the

/ / /

legislative purpose of the interpleader statute is "to remedy the problems posed by multiple claimants to a single fund").

### B.   Venue

The Court also finds venue in this district is proper. Pontier argues that he is the first and only claimant to the interpleaded funds and so venue is properly in Nevada where he is a citizen, not in the Southern District of California. ECF No. 195 at 2. A statutory interpleader action may be brought "in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Courts have generally found the words "may be brought" are not permissive and instead apply them as "must be brought." *Big Island Yacht Sales, Inc. v. Dowty*, 848 F. Supp. 131, 133 (D. Haw. 1993). The Court finds this interpleader action was properly brought in the Southern District of California, where at least two of the claimants are citizens. ECF No. 1 ¶¶ 7–10; *see also* ECF Nos. 18–20; 98 at 6. Although the California Defendants did not respond to the complaint or appear, this did not subsequently destroy venue.

Although venue is proper in this district, it is also proper in Nevada, but the Court finds Pontier has not met his burden of showing that convenience and justice require a transfer of venue pursuant to 28 U.S.C. § 1404. Pontier primarily argues that he is disabled and traveling 350 miles from his residence will cause him to incur unreasonable travel requirements and expenses. ECF No. 195 at 9. Plaintiff did not respond to the Motion to Change Venue. Although the Court finds these two factors weigh in favor of changing venue, Pontier has not shown how the other factors would support a transfer of venue away from California where the relevant agreements were negotiated, where California law will be applied, and where California has easier access to sources of proof. The interpleader action has been resolved but Pontier's counterclaims of breach of contract and medical fraud remain to be litigated. Those causes of action took place in California. *See* ECF Nos. 1; 156 at 4–9; *Jones*, 211 F.3d at 498–99 (9th Cir. 2000). The Court finds Pontier has not shown that convenience and justice require transferring the remaining stages of this litigation to the District of Nevada. *See WB Music Corp.*, 2010 WL 11596155, at *2.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **DENIES** Defendant Pontier's Motion to Dismiss for lack of subject matter jurisdiction and **DENIES without prejudice** Defendant Pontier's Motion for Change of Venue.

**IT IS SO ORDERED**.

Dated:  September 30, 2024

_____

Honorable Linda Lopez
United States District Judge

19cv1519-LL-DDL