UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br>         Plaintiff,<br><br>v.<br><br>DAVID PONTIER, et al.,<br><br>         Defendants. | Case No.: 19cv1519-LL-DDL<br><br>**ORDER DENYING DAVID PONTIER'S MOTION FOR RECUSAL**<br><br>[ECF No. 205] |
| DAVID PONTIER,<br><br>         Counterclaimant,<br><br>v.<br><br>JOSEPH DANG, et al.,<br><br>         Counterdefendants. | |

Before the Court is a Motion for Recusal ("Motion") filed by Defendant/Counterclaimant David Pontier ("Pontier"), proceeding pro se. ECF No. 205. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motion and the applicable law, the Court **DENIES** the Motion for the reasons set forth below.

    Pontier argues the undersigned should recuse herself from this interpleader case and the related case of *Pontier v. GEICO Insurance*, No. 21cv199-LL-DDL (S.D. Cal.), in which Pontier asserts causes of action against the State Bar of California, due to judicial bias and conflict of interest because of her status as a member of the State Bar of California. ECF No 205 at 1–2, 15. Pontier also contends recusal is warranted due to "violation of Defendant Pontier['s] constitutional right to due process of law denied by failing to issue rulings on Defendant Pontier Interpleader defenses asserted in Motion to Dismiss, Motion for Change of Venue, Motion for Sanction." *Id.* at 2.

    Recusal is appropriate where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 144, 455. The Ninth Circuit has stated:

> The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

*United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

    The Court finds Pontier has failed to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 1453 (citation omitted). Pontier claims the undersigned should recuse because Plaintiff is also a member of the State Bar of California and, in the related case, Pontier is suing the State Bar of California. ECF No. 205 at 1–2. The Court finds the undersigned's bar membership alone does not warrant recusal. *See Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (citation omitted) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are

members of that bar association."); *Block v. Washington State Bar Ass'n*, No. C15-2018 RSM, 2016 WL 11787683, at *2 & n.1 (W.D. Wash. Feb. 24, 2016) ("There are a string of cases holding that just belonging to a bar association is not the kind of relationship which gives rise to a reasonable doubt about a judge's ability to preside impartially over a case in which the bar association is a party.").

Pontier contends that in the present case and in the related case, "[o]nly Defendant Pontier motions are not ruled upon within 35 days," inferring that this is a sign of bias in favor of the State Bar of California. ECF No. 205 at 4. Pontier is mistaken and has a misunderstanding about the timing of rulings. The undersigned directs parties filings motions in civil cases to notice a hearing date that is thirty-five days from the date the motion is filed. Judge Linda Lopez Civil Chambers Rules, Section 3.B, https://www.casd.uscourts.gov/Judges/Judge-Info.aspx. "The hearing date does not indicate a date for when appearances are necessary; rather, it sets the briefing schedule for the motion pursuant to the applicable local rules including Civil Local Rule 7.1(e)." *Id.* Contrary to what Pontier believes, there is no rule requiring motions to be ruled on within thirty-five days. The undersigned has ruled on motions in the present case and related case from all parties both under and over thirty-five days. In this district, there are 463 weighted filings per judgeship. *See* Judicial Emergencies (March 26, 2025), https://www.uscourts.gov/data-news/judicial-vacancies/judicial-emergencies. The undersigned manages a busy civil and criminal docket and Pontier's frustration with any delays in ruling on his motions do not demonstrate bias. The Court finds Pontier provides no facts showing that the undersigned's bar membership creates bias or "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Hernandez*, 109 F.3d at 1454 (citation omitted); *Block*, 2016 WL 11787683, at *2 (declining to recuse based

/ / /
/ / /
/ / /
/ / /

on bar association membership); *Hills v. Serv. Emps. Int'l Union*, No. 09CV1919 WQH WVG, 2011 WL 3667643, at *1–2 (S.D. Cal. Aug. 19, 2011), *aff'd,* 520 F. App'x 555 (9th Cir. 2013) (declining to recuse based on perceived procedural delays). Accordingly, the Court **DENIES** Pontier's Motion for Recusal.

**IT IS SO ORDERED.**

Dated: March 27, 2025

Honorable Linda Lopez
United States District Judge