UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br>                      Plaintiff,<br><br>v.<br><br>DAVID PONTIER, et al.,<br><br>                      Defendants.<br><br>DAVID PONTIER,<br><br>                      Counterclaimant,<br><br>v.<br><br>JOSEPH DANG, et al.,<br><br>                      Counterdefendants. | Case No.: 19cv1519-LL-DDL<br><br>**ORDER DENYING DAVID PONTIER'S MOTION FOR SANCTIONS**<br><br>[ECF No. 208] |

    Before the Court is a Motion for Sanctions ("Motion") filed by Defendant/Counterclaimant David Pontier ("Pontier"), proceeding pro se. ECF No. 208. Plaintiff/Counterdefendant Joseph Dang ("Plaintiff") filed an Opposition.[1] ECF No. 214.

---

[1] Plaintiff filed another opposition on October 24, 2024, which appears almost identical to the first filed Opposition. ECF No. 223. The Court considers only the first Opposition.

1

The Court deems the Motion suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons discussed below, the Motion is **DENIED**.

## I. RELEVANT BACKGROUND

On August 14, 2020, Pontier filed a motion for sanctions pursuant to Rule 11 asking the Court "to impose sanctions under Federal Rules of Court 12(c)(1) upon Plaintiff Dang, Pro Se for intentionally filing successive Interpleader actions under false pretense."[2][3] ECF No. 113 at 2, 13–15. The Court denied Pontier's motion for sanctions on October 9, 2020 for failing to comply with Rule 11's safe harbor provision that requires service of the motion twenty-one days prior to filing. ECF No. 126 at 7–8.

On November 13, 2020, Pontier filed a motion for rehearing on the motion for sanctions. ECF No. 137. On December 18, 2020, the Court denied Pontier's motion for rehearing, recognizing that there is no provision for rehearing in this Court, and construing it as a motion for reconsideration. ECF No. 155 at 2 & n.1. The Court again found no proof that Pontier mailed the motion for sanctions twenty-one days before filing because the date on the mail receipt provided by Pontier was cut off and there were inconsistencies regarding the receipt. *Id.* at 3.

On June 18, 2024, Pontier filed the instant Motion pursuant to Rule 11 asking the Court "to impose sanctions under Federal Rules of Court 12(c)(1) upon Plaintiff Dang, Pro Se for intentionally filing successive Interpleader actions in bad faith under false pretense." ECF No. 208 at 1, 31–32.

/ / /

/ / /

/ / /

---

[2] Reference to "rule" indicates the Federal Rules of Civil Procedure, unless otherwise stated.

[3] The Court notes there is no "Federal Rule of Court 12(c)(1)."

## II. LEGAL STANDARD

The Civil Local Rules state the following:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1(i)(1). Additionally, "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1(i).

## III. DISCUSSION

The Court construes Pontier's Motion as a second motion for reconsideration of the Court's October 9, 2020 order denying Pontier's motion for sanctions because he is asking the Court to revisit the motion underlying that order and make a different finding. Pontier is seeking the same relief and provides substantially the same allegations in this Motion as he did in his original motion for sanctions. *Compare* ECF No. 208 *with* ECF Nos. 113. As a motion for reconsideration, Pontier's Motion is untimely because it was filed more than three years after the twenty-eight day filing deadline of Civil Local Rule 7.1(i), and Rules 59 and 60 do not apply. Even if the Court viewed this as a motion for reconsideration of the Court's December 18, 2020 order denying Pontier's motion for reconsideration, it is still filed years too late. Accordingly, the Court **DENIES** the Motion as untimely.

Moreover, the Court denies the Motion on the merits for the same reason that it was denied the first time and upon reconsideration. Pontier again fails to show that he complied

with Rule 11's safe harbor provision that requires service of the motion twenty-one days prior to filing. Fed. R. Civ. P. 11(c)(2); *Truesdell v. S. California Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002) ("The 21–day 'safe harbor' period is an absolute prerequisite (unless some other period is established by a court) to a motion for sanctions brought by any party." (citation omitted)). Pontier does not even address this failing, and therefore provides no valid argument for the granting of his Motion upon reconsideration. As such, this Motion—a second motion for reconsideration after twice being denied—is baseless and frivolous and the Court warns Pontier that he is also subject to Rule 11 and its sanctions for motion abuse. "While we give pro se litigants special consideration, pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already over-loaded court dockets." *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990) (internal quotation marks and citation omitted).

## IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Pontier's Motion.

**IT IS SO ORDERED.**

Dated:  March 28, 2025

_____
Honorable Linda Lopez
United States District Judge