UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANG,<br><br>         Plaintiff/Counterdefendant,<br><br>v.<br><br>DAVID PONTIER,<br><br>         Defendant/Counterplaintiff. | Case No.:  19-cv-1519-LL-DDL<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY**<br><br>**[Dkt. No. 285]** |

Before the Court is Defendant/Counterplaintiff David Pontier's Motion to Reopen Discovery.  Dkt. No. 285.  Plaintiff/Counterdefendant Joseph Dang opposes the motion. Dkt. No. 297.  For the reasons stated below, the motion is **DENIED**.

**I.**

**BACKGROUND**

Mr. Dang, who was formerly Mr. Pontier's attorney, initially brought this matter as an interpleader action to resolve conflicting claims over funds obtained through a personal injury settlement.  Dkt. No. 1.  The only remaining causes of action are two counterclaims brought by Mr. Pontier against Mr. Dang for medical fraud and breach of contract.

Pursuant to the Court's June 4, 2020 Scheduling Order, fact discovery ended on November 3, 2020.  Dkt. No 72 at 1.  On January 26, 2026, the Court issued a Scheduling

Order setting the case towards a pretrial conference. Dkt. No. 267. Mr. Pontier filed his motion on February 11, 2026. Dkt. No. 285.

Mr. Pontier argues that good cause to reopen discovery exists because "newly discovered evidence reveals that Mr. Dang concealed a material familial relationship with JP Morgan Chase Bank Manager Vuong Vo," who allegedly accepted two insurance checks from Mr. Dang without Mr. Pontier's signature. Dkt. No. 285 at 2. Additionally, Mr. Pontier states that discovery closed before Chase Bank complied with his subpoena. *Id.* Finally, Mr. Pontier questions the authenticity of documents produced by Mr. Dang. *Id.* He seeks to reopen discovery to enforce a previously served subpoena on Chase Bank, to obtain the birth records of Vuong Vo and Mr. Dang's wife, and to authenticate the documents produced by Mr. Dang. *Id.* at 8.

Mr. Dang objects to reopening discovery. Dkt. No. 297. First, Mr. Dang denies the existence of any familial relationship with Vuong Vo. *Id.* at 2. Additionally, Mr. Dang points out that Mr. Pontier has asserted this theory since at least November 23, 2025, when he discussed it at length in a prior motion, and thereby has failed to exercise the diligence required by Rule 16(b)(4). *Id.* at 3, *see* Dkt. No. 250 at 2.

## II.

## LEGAL STANDARD

Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In determining whether to modify a scheduling order under Rule 16(b)(4) to reopen discovery, a court must consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant

19-cv-1519-LL-DDL

evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

### III.

### DISCUSSION

The Court finds that Mr. Pontier has not established good cause to reopen discovery. As an initial matter, Mr. Pontier has not been diligent in seeking the requested relief.  Fact discovery closed more than five years ago.  As to the subpoena on Chase Bank, Mr. Pontier served it on June 2, 2020, and Chase Bank responded with their objections on June 5, 2020.  Dkt. No. 285-1 at 2.  Thereafter, Mr. Pontier did not seek to enforce the subpoena, despite having five months to do so before the close of fact discovery.  To seek relief now, more than five years after receiving Chase Bank's objections, clearly fails to demonstrate the diligence required by Rule 16(b)(4).  Similarly, Mr. Pontier has failed to act diligently to complete discovery pertaining to his other two requested subjects for reopened discovery, Mr. Dang's relationship to Vuong Vo and the authenticity of documents produced by Mr. Dang.  Both requests arise from issues that Mr. Pontier was aware of during the discovery period in 2020, and he provides no justification for why he waited so long to seek this relief.

Additionally, the six-factor inquiry set forth above weighs against reopening discovery.  First, the case is nearing trial.  The parties have exchanged pretrial disclosures and are on the path to a pretrial conference.  Second, Mr. Dang opposes the request.  As to the third factor, Mr. Dang does not address whether reopening discovery will result in prejudice.  However, the Court finds that Mr. Dang would suffer at least some prejudice from the delay that would be caused by reopening discovery.  Fourth, Mr. Pontier was not diligent in completing discovery within the original time period, as described above.  Fifth, Mr. Pontier does not identify any unforeseeable event that justifies reopening discovery.  Finally, while there may be a chance that Mr. Pontier's requested discovery could lead to relevant evidence, that likelihood is not significant enough to outweigh the other five factors, which all support not reopening discovery.

/ / /

19-cv-1519-LL-DDL

## IV.

## CONCLUSION

For the reasons stated about, Defendant/Counterplaintiff Pontier's motion to reopen discovery [Dkt. No. 285] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 4, 2026

_David Leshner_

_____

Hon. David D. Leshner
United States Magistrate Judge

19-cv-1519-LL-DDL